UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BAHRAM NASSERIZAFAR,<br>    *Plaintiff*, | )<br>)<br>) |
|     *vs.* | )   No. 1:13-cv-02045-JMS-TAB<br>) |
| INDIANA DEPARTMENT OF TRANSPORTATION,<br>    *Defendant*. | )<br>) |

## ORDER

Plaintiff Bahram Nasserizafar, proceeding pro se, brings this employment discrimination action against his former employer, Defendant Indiana Department of Transportation ("<u>IN-DOT</u>"). Presently pending before the Court is INDOT's Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Filing No. 10.] For the reasons that follow, INDOT's Partial Motion to Dismiss is **GRANTED**.

### I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual

allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following factual background is drawn from the allegations in Mr. Nasserizafar's Complaint. Few facts are necessary to decide INDOT's motion, as it seeks dismissal of certain claims on purely legal grounds.

Mr. Nasserizafar was employed as an engineer with INDOT. [Filing No. 1 at 2.] His employment with INDOT was terminated on January 14, 2013. [Filing No. 1-1 at 4.] Mr. Nasserizafar filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 28, 2013, alleging that INDOT terminated his employment in retaliation for filing a previous EEOC Charge of Discrimination against INDOT in March 2012 and a lawsuit against it in October 2012. [Filing No. 1-1 at 1.] Mr. Nasserizafar alleges that after he filed his first Charge of Discrimination and first lawsuit, but a month before his employment was terminated, "there was an executive meeting in which management discussed ways to fire [him]." [Filing No. 1-1 at 1.]

Following its investigation, the EEOC issued Mr. Nasserizafar a Right to Sue Letter. [Filing No. 1-1 at 2.] Mr. Nasserizafar then filed the instant suit, alleging that INDOT "systematically and continuously violated [his] civil rights as well as his constitutional rights throughout his entire employment . . . and on to the moment right before his termination as a result of retaliations." [Filing No. 1 at 2.] In his Complaint, Mr. Nasserizafar asserts that his claims are brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. [Filing No. 1 at 1-2.] IN-DOT's currently pending Partial Motion to Dismiss followed. [Filing No. 10.]

## III.
### DISCUSSION

INDOT moves to dismiss three of Mr. Nasserizafar's four claims—all but his Title VII claim. Mr. Nasserizafar, still proceeding pro se, responded to INDOT's motion, but his response shows that he misconceives INDOT's motion. Instead of focusing on the questions raised, he primarily argues the merits of his discrimination claims. But if sovereign immunity applies or the statute under which Mr. Nasserizafar brought his claim is an improper vehicle for such a claim, the Court must dismiss the claim without reaching the merits of it. To the extent Mr. Nasserizafar's arguments touch on the issues raised in INDOT's Partial Motion to Dismiss, the Court addresses them below.

A. **ADA Claim**

INDOT seeks dismissal of Mr. Nasserizafar's ADA claim, arguing that the Eleventh Amendment bars ADA claims against state agencies such as INDOT. [Filing No. 11 at 2-3.] Mr. Nasserizafar responds that the Eleventh Amendment does not bar a suit by a citizen against his resident state. [Filing No. 12 at 12 (citing *Crosetto v. State Bar of Wis.*, 12 F.3d 1396, 1400 n.5 (7th Cir. 1993)).]

The Supreme Court has held that the Eleventh Amendment grants states sovereign immunity from Title I ADA suits brought by citizens of their own state. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001); *Toeller v. Wisc. Dep't of Corr.*, 461 F.3d 871, 874 (7th Cir. 2006) (recognizing that *Garrett* held that sovereign immunity applies to Title I

ADA claims against states).[1]  "Although by its terms the [Eleventh] Amendment applies only to suits against a State by citizens of another State, [the Supreme Court] ha[s] extended the Amendment's applicability to suits by citizens against their own States."  *Garrett*, 531 U.S. at 363.  In short, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Id.*

Mr. Nasserizafar's reliance on *Crosetto* for the contrary position is mistaken.  In *Crosetto*, the Seventh Circuit simply observed what the Supreme Court made clear in *Garrett*—namely, that "[t]he *text* of the Eleventh Amendment . . . does not provide for immunity when a citizen sues his resident state."  12 F.3d at 1400 n.5 (emphasis added).  But as the Seventh Circuit recognized, "the Eleventh Amendment has served as a historical framework for the Supreme Court's teaching that the Constitution never granted federal courts any judicial power over suits by a citizen against his own state."  *Id.* at 1400.

Finally, the Eleventh Amendment bars suits not only against the state itself, but also against "state agencies[] or state officials acting in their official capacity."  *See Council 31 of the Am. Federation of State, County, and Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 881-82 (7th Cir. 2012) (citation and quotation marks omitted).  Indiana law makes clear that IN-DOT is a state agency.  *See Ind. Dep't of Transp. v. McEnery*, 737 N.E.2d 799, 800 (Ind. App. 2000) (citing Ind. Code § 8-23-2-1, *et seq.*).  Accordingly, Mr. Nasserizafar is barred from bringing a Title I ADA claim against INDOT, and his claim is dismissed.

---

[1] Mr. Nasserizafar's ADA claim is for discrimination, thus it must be brought under Title I of the ADA.  *See Garrett*, 531 U.S. at 360 & n.1.

### B. § 1983 Claim

A cause of action may be brought under 42 U.S.C. § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." INDOT moves to dismiss Mr. Nasserizafar's § 1983 claim on two separate grounds: (1) that INDOT is entitled to sovereign immunity; and (2) that INDOT is not a "person" under § 1983 and thus cannot be sued under that statute. [Filing No. 11 at 3-4.] Mr. Nasserizafar resists INDOT's second ground, arguing that "[t]he Supreme Court has construed [§ 1983] to include 'municipal corporations and similar governmental entities' as 'persons' subject to § 1983." [Filing No. 12 at 13 (citing *Howlett v. Rose*, 496 U.S. 356, 376 (1990)).]

The Seventh Circuit has instructed courts to address statutory defenses before constitutional ones, so the Court begins and ends with whether INDOT constitutes a "person" under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional."). The law is clear that states and state agencies, such as INDOT, are not "person[s]" under § 1983. *See id.* ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983."); *see also Bradley v. Wis. Dep't of Children & Families*, 528 Fed. Appx. 680, 681 (7th Cir. 2013) ("Because the Wisconsin Department of Children and Families is a state agency, [the plaintiff] cannot pursue a § 1983 suit against it.") (citation omitted). Mr. Nasserizafar is correct that municipalities are persons under § 1983, *see Howlett*, 496 U.S. at 376, but a municipality is not the same thing as a state agency, and state agencies are not

persons under § 1983, *see Thomas*, 697 F.3d at 613. Accordingly, Mr. Nasserizafar's § 1983 claim against INDOT must be dismissed.

### C. § 1981 Claim

Lastly, INDOT seeks dismissal of Mr. Nasserizafar's § 1981 claim, arguing that § 1983 provides the exclusive remedy for violations of rights guaranteed under § 1981. [Filing No. 11 at 5-6.] Although this issue was for a time unsettled in this circuit, the Seventh Circuit very recently made clear that § 1981 claims cannot be brought against state actors, and "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Preserve Dist. of Cook Cnty., Ill.*, --- F.3d ----, 2014 WL 1924479, *5-6 (7th Cir. 2014). Accordingly, Mr. Nasserizafar's § 1981 claim against INDOT must be dismissed.

## IV.
### CONCLUSION

For the reasons explained, the Court **GRANTS** INDOT's Partial Motion to Dismiss. [Filing No. 10.] No partial judgment shall issue at this time, as Mr. Nasserizafar's Title VII claim for retaliation remains pending and shall proceed. [*See* EEOC Charge of Discrimination, Filing No. 1-1 at 1.]

**Distribution via ECF to all counsel of record**