UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BAHRAM NASSERIZAFAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-02045-TAB-JMS |
| | ) | |
| INDOT, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Selected Matters**

**I.**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).

Given the timing of the motion, and given the arguments set forth in the plaintiff's filing of August 17, 2015 relative to the entry of Judgment entered on the clerk's docket on August 4, 2015, that filing is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

"A motion brought under Rule 59 suspends the finality of a judgment until the motion is decided; the clock stands at 30 days until then." *Marine Bank, Nat. Ass'n v. Meat Counter, Inc.*, 826 F.2d 1577, 1579 (7th Cir. 1987)(citing Fed.R.App.P. 4(a)(4)). This refers to the 30 days following the entry of judgment on the clerk's docket in which a notice of appeal may be filed. In this case, therefore, a notice of appeal may be filed up to 30 days following the ruling on the motion to alter or amend judgment if that ruling is the denial of the motion. If the motion is granted, the time within which to appeal the Judgment of August 4, 2015 becomes irrelevant because granting the motion would presumably result in that Judgment being vacated or amended.

## II.

### A.

Part VII.A. of the *Revised Case Management Plan* filed on August 13, 2014, contains the following:

> A. **Case.** At this time, all parties do consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

On August 26, 2014, an Order of Reference was issued, as follows:

> Based upon the written consents of the parties found in the Case Management Plan [Docket No. 21], this case is now referred to United States Magistrate Judge Tim A. Baker to conduct all proceedings and order the entry of judgment, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

**B.**

The filing referenced in Part I of this Entry which is being treated as the plaintiff's motion to alter or amend judgment challenges the Order of Reference issued on August 26, 2014 and the authority of Magistrate Judge Baker to have entered final judgment in this case. That is, the motion to alter or amend judgment seeks to invalidate or cancel the Order of Reference issued on August 26

"The power to cancel a reference, taken together with the retention by Article III judges of the power to designate magistrate positions and to select and remove individual magistrates, provides Article III courts with continuing, plenary responsibility for the administration of the judicial business of the United States." *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.,* 725 F.2d 537, 546 (9th Cir. 1984) (en banc), *cert. denied,* 469 U.S. 824 (1984). This residual authority exists in the assigned Article III judge, but the nature of the motion to alter or amend judgment filed in this case does not require that it be used. *See McGrath v. Everest Nat. Ins. Co.,* No. 2:07 CV 34, 2009 WL 4842837, at *3-5 (N.D.Ind. Dec. 10, 2009). The undersigned thus does no more on this subject than to note how the authority to proceed will be exercised. *See Cooley v. Foti,* No. 86–3704, 1988 WL 10166, at *2 (E.D.La. Feb. 5, 1988) ("[A] motion to vacate a reference to a magistrate is properly brought . . . before the district judge in the first instance."). Thus, no part of the plf"s objection filed on August 17, 2015 is resolved through this Entry

**III.**

28 U.S.C. § 636(c)(4) provides: "[t]he court may . . . under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." *See also* Fed.R.Civ.P. 73(b)(3). Together with the standard for acting on a motion pursuant to Rule 59(e), this will provide the basis for acting on the plaintiff's motion. *Hatcher v.*

*Consolidated City of Indianapolis*, 323 F.3d 513 (7th Cir. 2003). Consistent with the discussions in Part I and in Part II.B. of this Entry, the filing treated as the plaintiff's motion to alter or amend judgment will be acted on by Magistrate Judge Tim A. Baker and the parties will be notified when such ruling is made. *See* 12 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, **Federal Practice & Procedure** § 3072, at 414 (2d ed. 1997) (when the magistrate judge is proceeding with the parties' consent, the magistrate judge has authority "to perform all of the functions of a district judge").

IT IS SO ORDERED.

Date: <u>August 31, 2015</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BAHRAM NASSERIZAFAR
565 Meadow Court
Zionsville, IN 46077

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov

Lakesha D. Triggs
INDIANA ATTORNEY GENERAL
lakesha.triggs@atg.in.gov