UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BAHRAM NASSERIZAFAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-02045-TAB-JMS |
| ) | |
| INDOT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S OBJECTION TO
THE COURT'S ENTRY OF FINAL JUDGMENT**

Pending before the Court is an objection Plaintiff Bahram Nasserizafar filed that questions whether consent to the magistrate judge was properly given. Answering this question requires the Court to briefly review this case's procedural history.

Plaintiff filed this action against his former employer, INDOT, on December 27, 2013, alleging discrimination and retaliation. INDOT filed a partial motion to dismiss, which the district judge granted on June 16, 2014. [Filing No. 17.] On August 13, 2014, the parties filed a Case Management Plan in which they expressly consented to referring this case to the magistrate judge. [Filing Nos. 20 and 21.] Based upon this consent, the district judge referred the case to the magistrate judge to conduct all proceedings and order the entry of judgment. [Filing No. 22.] Thereafter, the magistrate judge presided over the case for nearly a year—from referral on August 26, 2014, until final judgment on August 4, 2015. [Filing Nos. 22 and 70.] During that year, the magistrate judge issued several orders, held conferences with the parties, and set a trial date. [Filing Nos. 19, 34, 35, 39, 43, and 48.]

Plaintiff now claims that his express consent to the magistrate judge's authority was not valid.[1] Plaintiff argues that Defendant included consent language in the CMP against his wishes. Plaintiff claims that he was adamant on withholding his express consent to the magistrate judge's authority in his discussions with Defendant. Defendant disputes this, providing email correspondence in which Plaintiff stated that he agreed on the proposed CMP except for the dispositive motion deadline. [Filing No. 72-2.] Ultimately, Plaintiff's consent was included in the signed CMP submitted to and approved by the Court. [Filing No. 21.] Thus, Plaintiff expressly consented to the magistrate judge resolving this action.

Plaintiff's actions throughout this case also provide implied consent. A party's consent to the authority of a magistrate judge may be express or implied. *Roell v. Withrow*, 538 U.S. 580, 587 (2003). Proper implied consent exists where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the magistrate judge." *Id.* at 590. The rationale for allowing implied consent under these circumstances is to prevent a party from challenging the magistrate judge's authority based on an undesirable outcome of his case. *Id.* In *Roell*, the Supreme Court found implied consent where the parties "appear[ed] before the magistrate judge, without expressing any reservation, after being notified of their right to refuse and after being told that she intended to exercise case-dispositive authority." *Id.* at 586.

Similarly, Plaintiff gave valid implied consent to the magistrate judge's authority in this case. Plaintiff was aware that consent was required for the magistrate judge's authority. [Filing No. 71, at ECF p. 7-8.] Plaintiff admits that he received a notice from the Clerk regarding the

---

[1] Plaintiff's reply brief attempts to clarify that he did not consent to any judge, either magistrate judge or district judge, entering a final judgment in this case. [Filing No. 74.] This reply seemingly misses the point that parties may consent to the magistrate judge.

2

availability of the magistrate judge to exercise jurisdiction over this case. [Filing No. 74, at ECF p. 3.] The evidence further establishes that Plaintiff had a discussion with Defendant about consent. [Filing Nos. 72-1 and 72-2.] Plaintiff did not challenge the district judge's referral of this case to the magistrate judge for nearly one year, and did so only after receiving an adverse summary judgment ruling. Instead, Plaintiff voluntarily participated in conferences with the magistrate judge and accepted his orders as binding. Plaintiff never made an indication to the Court that he did not want the magistrate judge to preside over the case nor did he challenge the validity of any of the magistrate judge's actions. In fact, Defendant points out that Plaintiff specifically titled one motion, "Plaintiff's Motion to the Honorable Magistrate Judge Tim A. Baker…." [Filing No. 40.] Plaintiff continually acted as if he had given valid consent by voluntarily submitting himself to the magistrate judge's authority.

The Court notes that Plaintiff's objective is to obtain a trial by jury, which he argues is his right. But what Plaintiff apparently does not understand is that the Federal Rules allow cases to be involuntarily terminated through summary judgment before ever reaching trial. This case was on course to go to trial. However, Defendant sought summary judgment and demonstrated that there were no genuine disputes over any material facts in issue for a jury to decide and that Defendant was entitled to judgment as a matter of law.[2] Therefore the Court entered judgment in favor of Defendant, and Plaintiff's case was concluded without a jury trial.

---

[2] Plaintiff argues that the magistrate judge refused to fairly analyze the "handful of exhibits" filed in support of his summary judgment response. [Filing No. 74, at ECF p. 7.] Plaintiff submitted three banker's boxes of exhibits. [Filing No. 58.] Without direction from Plaintiff, the Court was not obligated to search through these boxes and find support for his arguments. Plaintiff also argues that the magistrate judge advised him he would get him an attorney for trial. What the magistrate judge stated was that, if the case survived summary judgment, the Court would attempt to obtain trial counsel for Plaintiff.

For these reasons, Plaintiff's consent to the magistrate judge was valid and Plaintiff's objection to the Court's entry of final judgment is therefore denied. [Filing No. 71.] The final judgment stands.[3]

Consistent with *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015), the Court notifies Plaintiff that if he wishes to appeal to the Seventh Circuit he must file a notice of appeal with the district clerk within thirty days of this entry. Fed. R. App. P. 4(a)(1) and 4(a)(4)(A)(vi); *see Martinez v. City of Chicago*, 499 F.3d 721, 725 (7th Cir. 2007); *Andrews v. E.I. du Pont de Nemours & Co.,* 447 F.3d 510, 512 (7th Cir.2006) (explaining that the thirty-day appeal clock begins to run once a Rule 59(e) motion has been ruled on).

Date: 9/24/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Bahram Nasserizafar
565 Meadow Court
Zionsville, IN 46077

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov

Lakesha D. Triggs
INDIANA ATTORNEY GENERAL
lakesha.triggs@atg.in.gov

---

[3] The district judge interpreted Plaintiff's objection to entry of summary judgment [Filing No. 71] as a Rule 59(e) motion to alter or amend the judgment, [Filing No. 73,] leaving it to the undersigned to decide whether this motion should be granted.